IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| SERVICE PRINTING AND OFFICE SUPPLY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 3:15cv451-MHT (WO) |
| CANON SOLUTIONS AMERICA, INC., et al., | ) ) ) | |
| Defendants. | ) | |

ORDER

This lawsuit was removed from state to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332 & 1441.  The removing party asserts that the court has diversity jurisdiction, in spite of the presence of two non-diverse defendants, because the non-diverse defendants were fraudulently joined.  "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to

bring the resident defendant into state court. … The burden of the removing party is a 'heavy one.'" <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted).  Here the removing party contends that there is no possibility that plaintiff can succeed on its claims against the non-diverse defendants in state court.

The court finds no fraudulent joinder in this case. <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440 (11th Cir. 1983); <u>Cabalceta v. Standard Fruit Co.</u>, 883 F.2d 1553, 1561 (11th Cir. 1989).  (Nor has there been fraudulent misjoinder. <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353, 1360 (11th Cir. 1996).)  The court agrees with plaintiff that this case should be remanded to state court because there is a possibility that plaintiff could succeed on its claims against the non-diverse defendants in state court, and accordingly, the removing party has not met the burden of proving fraudulent joinder.

The removing party argues in the alternative that it is entitled to jurisdictional discovery. However, as the discovery it seeks is not relevant to the court's decision, the discovery will not be granted.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Tallapoosa County, Alabama.

It is further ORDERED that any and all pending motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

This case is closed in this court.

DONE, this the 11th day of December, 2015.

        /s/ Myron H. Thompson
       UNITED STATES DISTRICT JUDGE